### DANIEL FOX *versus* EBEN COREY.

The legal liability of a lessee to pay rent to his lessor continues until their relation as landlord and tenant ceases; and, this, notwithstanding notice by the landlord to the tenant that he was to pay the rent to a third party.

Whether the provisions of the statute of 4th Anne, c. 16, by which a tenant, having notice of a conveyance of the premises to a third party, is liable to pay rent to the latter without attornment, have been adopted in this State; *quære.*

ON REPORT from *Nisi Prius*, DAVIS, J., presiding.

ASSUMPSIT. The defendant was tenant under the plaintiff, paying rent quarterly on the first days of January, April, July and October. On the first day of July, 1853, the plaintiff presented a bill to the defendant for "two month's rent, and tax of store to June 1, 1853," which was paid. The plaintiff at the same time notified defendant that he did not claim rent for June; that he had leased the premises to Lyman & Richardson, who would collect the rent from June 1st. To this the defendant made no reply, but occupied the

Fox *v.* Corey.

premises to Sept. 2, 1853, and refused to attorn to Lyman & Richardson. This action is for rent to Sept. 2, and is prosecuted by Lyman & Richardson, in the name of the plaintiff, with his consent.

It was also in the case that the lease to Lyman & Richardson was dated May 18, 1853, "to hold for the term of ten years from the first day of July, 1853."

If, upon the facts, the plaintiff is entitled to recover, the defendant is to be defaulted; otherwise, a nonsuit to be entered.

*Shepley & Dana,* for plaintiff.

1. The defendant, not having paid rent to Lyman & Richardson, nor attorned to them, nor given them possession, was not, in point of law, in privity with them. The suit, therefore, was properly brought in the name of Fox. *Bancroft & ux.* v. *Wardwell,* 13 Johns. 491; *Porter* v. *Hooper,* 11 Maine, 170; *Patch* v. *Loring,* 17 Pick. 337; Taylor's Landlord and Tenant, § 636.

2. If a month's rent was given to Lyman & Richardson, no damage was thereby occasioned to the defendant, it being immaterial to him to whom the rent was to go.

3. The refusal to attorn rebuts the presumption of a contract to hold under Lyman *et al.*

4. This action is assumpsit, and, by the statute of 1853, c. 39, § 4, this is the remedy provided, the occupation of the defendant having ceased.

*Rand,* for defendant.

1. The defendant was tenant at will under Fox. Fox's alienation determined the estate at will, and without notice to quit. The doctrine is discussed in *Howard* v. *Merriam,* 5 Cush. 563. The grantee can bring forcible entry and detainer, but there is no intimation of such suit as this. See also *Wheeler* v. *Wood,* 25 Maine, 287.

2. The plaintiffs never attempted to enter.

3. As to liabilities of tenants at sufferance, see Greenleaf's Cruise, vol. 1, title 9, c. 2.

RICE, J. — Assumpsit for use and occupation. To maintain this action the relation of landlord and tenant must subsist between the parties, founded on agreement express or implied. Taylor's Landlord and Tenant, 294; *Bancroft & ux.* v. *Wardwell,* 13 Johns. 491.

On the 18th of May, 1853, the plaintiff executed a lease of the premises occupied by the defendant to Lyman & Richardson, " To hold for the term of ten years from the first day of July, 1853," &c.

Before that time the defendant had been tenant at will of the plaintiff, and had paid rent to him for the premises. On the first day of July, 1853, the plaintiff presented the defendant a bill for rent for the months of April and May, which was paid, and informed defendant that he had leased the premises to Lyman & Richardson, who would collect the rent from June 1st.

As a lease for years is a mere chattel, it may be made to commence either presently, or at a future period, at a day to come, or at Michælmas next, or at three or ten years after, or at the happening of a certain event in the future. Taylor's Landlord & Tenant, 33; Woodfall's Landlord & Tenant, 71.

The term of Lyman & Richardson commenced on the first day of July, 1853. The relation of landlord and tenant subsisted between the plaintiff and defendant until that time, but not afterwards. The fact that the rent from the first of June was to be paid to, or was to go to the benefit of Lyman & Richardson, by an arrangement between them and the plaintiff, did not affect the legal liability of defendant to pay to the plaintiff until he ceased to be tenant of the plaintiff.

In England, since the statute of 4 Anne, c. 16, § § 9 and 10, if the lessor sells or transfers his legal estate and interest in the demised premises to a third party, and the lessee receives notice of the transfer, and is required to pay his rent to the transferee, and refuses, he is liable to an action for use and occupation, at the suit of the latter, though he has not attorned to him. *Lumby & al.* v. *Hodgdon,* 16 East, 104; *Birch* v. *Wright,* 1 T. R., 383; *Rennie* v. *Robinson,* 7 Moore,

531, (1 Bing. 147); Addison on Contracts, 710. Whether this same rule prevails in this State, it is not necessary for us now to determine.

The defendant must be defaulted, and judgment entered for the amount of rent accruing during the month of June, as per agreement.

TENNEY, C. J., and CUTTING, HATHAWAY and GOODENOW, J. J., concurred.